NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2013
Decided May 17, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2416

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 10 CR 50071-2 |
| ERIBERTO BRITO, *Defendant–Appellant.* | Philip G. Reinhard, *Judge*. |

**O R D E R**

Eriberto Brito sold hundreds of grams of crack and powder cocaine to an undercover police officer and, over an 11-month period, was overheard on a wiretap arranging several drug deals. Often during those monitored conversations, he called his residence his "office," and agents from the Drug Enforcement Administration saw buyers meet Brito at his residence before sales to the undercover officer took place. After Brito's brother—his partner—was arrested by state police, DEA agents went to Brito's home without a warrant, forced their way inside, and arrested him but did not search the residence. Other agents already were in the process of obtaining a search warrant, which they executed four hours later. Inside they found several firearms, two with obliterated serial numbers, and one pound of marijuana. The agents found another gun in a storage shed outside. Brito was charged with conspiracy to possess with intent to distribute crack

and powder cocaine, 21 U.S.C. §§ 846, 841(a)(1), distributing cocaine, *id.* § 841(a)(1), and possessing firearms with obliterated serial numbers, 18 U.S.C. § 922(k).

Brito moved to suppress the fruits of the search. He argued that the DEA agents had entered his home without probable cause or exigent circumstances and discovered the evidence inside only because of that illegal entry. The district court concluded that the agents had probable cause to search Brito's house when they first entered without a warrant, but the court agreed with Brito that the initial entry had violated the Fourth Amendment because the agents were not aware of any exigency justifying the decision not to wait for a warrant. But suppression of evidence was not an available remedy for the illegal entry, the court reasoned, because the later search warrant was not premised on any information gleaned after that first entry.

After the district court denied Brito's motion, he entered a conditional guilty plea to the conspiracy charge, reserving the right to challenge the adverse ruling on appeal. The conspiracy had involved more than 300 grams of crack alone, so Brito faced a statutory minimum of 10 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). The court calculated a total offense level of 31 and criminal-history category of II, yielding a guidelines imprisonment range of 121 to 151 months, and imposed a prison sentence of 121 months. Brito has filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Brito has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first evaluates whether Brito could challenge the voluntariness of his conditional guilty plea but does not say whether he discussed this prospect with Brito. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Yet counsel's discussion and our review of the record convince us that this potential claim would be frivolous. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Brito never asked in the district court to withdraw his plea, so our review would be limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *Schuh*, 289 F.3d at 974. And counsel has not identified any mistake or omission in the plea colloquy, nor have we. The court explained the charge and statutory penalties; discussed the consequences of pleading guilty, including the rights Brito would relinquish by his plea; ensured that his plea was voluntary; and determined that a factual basis for the plea exists. *See* FED. R. CRIM. P. 11(b).

Counsel next questions whether Brito could dispute the denial of his motion to suppress but rightly concludes that an appellate claim would be frivolous. When the DEA agents first entered Brito's home without a warrant or exigent circumstances, they violated

the Fourth Amendment. *See Kentucky v. King*, 131 S. Ct. 1849, 1856 (2011); *United States v. Etchin*, 614 F.3d 726, 733–34 (7th Cir. 2010). But the district court found that the agents did not search the house until after they had obtained a search warrant, and that warrant was not tainted by the unlawful entry: The agents' 11-month investigation, and not anything seen in Brito's home before they secured the warrant, gave probable cause to search. *See Segura v. United States*, 468 U.S. 796, 798–99 (1984); *Etchin*, 614 F.3d at 734–37; *United States v. Alexander*, 573 F.3d 465, 476 (7th Cir. 2009). Any challenge to the court's factual findings would be frivolous.

Counsel last considers a claim that Brito's prison sentence is unreasonable. The term imposed is at the low end of the guidelines range and exceeds the statutory minimum by only a month. And we presume that the within-guidelines sentence is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 562 F.3d 866, 873 (7th Cir. 2009). Counsel has not identified any reason to set aside this presumption, and neither can we. We thus agree with counsel that this claim would be frivolous.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.